# IN THE MATTER OF YTURREGUI HERMANOS, Bankrupts.

San Juan, Bankruptcy, No. 107.

RETURN OF COMPOSITION FUND.

Referee—Becoming Attorney.
>    1. A referee cannot act as attorney in a case even after the administration is closed.

Deposit—Return.
>    2. Revised Statutes, § 995, does not require notice to the district attorney as to withdrawal of funds where they have not been deposited in the United States Treasury.

Opinion filed November 25, 1919.

*Mr. Salvador Suau* for petitioner.

HAMILTON, Judge, delivered the following opinion:

The petition and the undisputed facts in this case show that Yturregui Hermanos, a partnership, was adjudicated a bankrupt March 2, 1914, and that they afterwards made a composition with their creditors, confirmed by this court May 4, 1914. That the necessary funds were deposited with the clerk, and by him with the depositary of this court May 4, 1914, and that the sum of $73.59 remains unclaimed, being the proportion deposited to meet the claims of certain creditors who failed to make due proof. Santiago Yturregui, by his attorney Salvador Suau, petitions that this amount be paid him.

Matter of Hermanos.

1. It seems that petitioner's attorney was the referee to whom this bankruptcy matter was referred. A discharge having been granted, it is claimed that the referee is no longer connected with the case and might legally represent the bankrupt in further proceedings. This, however, seems to be hardly correct. The surplus in question arose during the administration of this bankrupt estate in the hands of this referee, and it would be better for him to have nothing to do with its recovery from the depositary where it was placed during such administration. No question is made of the impropriety in this particular case, but if a referee is to be permitted afterwards to handle in the capacity of attorney a fund which comes under his control originally as a judicial officer, irregularities might readily ensue. It would be better for the clerk in such cases to make checks directly to the bankrupt himself.

2. A more difficult question is as to whether the fund is returnable at all, now more than five years after it was deposited for the purpose of composition. Revised Statutes, § 995, Comp. Stat. § 1644, 6 Fed. Stat. Anno. 2d ed. p. 631, provides that all moneys paid into court shall be deposited, amongst other ways, with a designated depositary of the United States in the name and to the credit of the court, in this case the depositary being the "American Colonial Bank of Porto Rico. Section 996 of the Revised Statutes provides that "no money deposited as aforesaid shall be withdrawn except by order of the judge . . . to be signed by such judge and to be entered and certified of record by the clerk; and every such order shall state the cause in or on account of which it is drawn." In every case in which the right to withdraw money so deposited has been adjudicated or is not in dispute, and such money has

Matter of Hermanos.

remained so deposited for at least five years unclaimed by the person entitled thereto, it shall be the duty of the judge of said court to cause such money to be deposited in the Treasury of the United States in the name and to the credit of the United States, with a provision for obtaining money so deposited upon order after petition with notice to the district attorney.

"At least five years" have elapsed, but no order in fact has been made by this court withdrawing the fund from the depositary and depositing it in the Treasury of the United States, so that there is no more need of notice to the district attorney than there is for any order to the United States Treasurer. In other words, the contingency has not arisen giving the district attorney or the Treasurer any concern in the matter. The fund is still in the local depositary subject to orders of this court, and there is no difficulty determining "the person entitled thereto." Indeed this "is not in dispute." It is to be noted, however, that the money is to be turned over to the person who made the deposit, whether that be the individual or the partnership itself.

It is so ordered.